PEDRO SÁNCHEZ-SALAZAR, Appellant, v REGISTRAR OF ARECIBO, Respondent.

No. 640. Submitted May 26, 1926.—Decided June 9, 1926.

*José E. Díaz* for the appellant. The registrar appeared by brief.

Mr. Justice Hutchison delivered the opinion of the court.

In July, 1924, Rafael Gandía Córdova as the owner of one hundred and seventy-nine *cuerdas* of land bounded on the north by the road leading from Manatí to Vega Baja, and duly recorded in the registry of property, segregated and sold to don Pedro Sánchez Salazar a parcel described as follows:

"Rural: Located in the ward of Río Arriba Saliente, of the Municipality of Manatí, measuring thirty meters in front by fifty meters in depth. that is an area of fifteen hundred square meters of land dedicated to pasture land. It is bounded on the south and east by the main property from which it is segregated; on the north by the road leading from Manatí to Vega Baja, and on the west by the main property, being separated from it by a country road."

Another deed of conveyance executed by the same vendor in March, 1926, after a recital of the foregoing facts, proceeds as follows:

"II.—That on March sixteen, nineteen hundred and twenty-six, the property previously described was surveyed by Osmín Roques, a public surveyor, and it contains within its bounds fifty meters on its north; thirty-two meters and forty hundredths of another on its east; fifty meters on its south, and fifty-five meters and twenty hundredths of another on the west, that is an area of 2119 square meters.

"III.—That for the purpose of stating the exact area of the said property, which was a segregation from another of greater area, they execute the following contract: That Rafael Gandía hereby sells to Pedro Sánchez Salazar the additional six hundred and nineteen meters which the property described appears to have within its bounds as shown by the survey, agreeing and consenting to have it stated in the registry of property that said portion of land has an actual area of twenty-one hundred and nineteen square meters.

"IV.—Mr. Rafael Gandía states that he received, before the execution hereof, from Mr. Sánchez Salazar the sum of seventy-five dollars, as value of the six hundred and nineteen meters mentioned and for that sum he gives him formal letter of payment."

The endorsement of the registrar in so far as pertinent to any question herein reads thus—

"The foregoing document is recorded as to 300 meters of the property object of the same, which is 20 per cent of the area that appears from the registry, and record thereof is denied as to the difference of 319 meters because it exceeds said 20 per cent, and instead . . . "

In support of this ruling we are referred to *Delgado* v. *Registrar*, 29 P.R.R. 807; *Chiqués* v. *Registrar*, 26 P.R.R. 682; *Figueroa* v. *Registrar*, 22 P.R.R. 612, and *Cobb* v. *Registrar*, 12 P.R.R. 211.

None of the cases cited seems to go to the extent now claimed for them.

Here we are not confronted with an alleged increase in area resulting from an *ex parte* grouping of a number of separate parcels by the record owner, or from a mere survey of land by the purchaser thereof, after notice to his vendor and to adjoining owners.

In the instant case there are no adjoining owners whose rights need be considered. The northern boundary of both properties is definitely fixed by a public highway. The only parties concerned are the parties to the two notarial instruments in question. The later of these two documents is not simply a ratification of the survey made by the purchaser, nor is it a mere formal assent to the proposed modification of the description contained in the previous deed and in the registry of property. It is a sale and transfer of the excess or surplus disclosed by such survey and this conveyance is made for an additional and substantial, as well as a good and valuable, consideration.

Such a deed would seem to be eligible to record regardless of any question of area, relative or otherwise, save in so far as limited by the acreage of the larger original tract.

The ruling appealed from must be reversed.